

Demetri Brumis Blaisdell
Counsel

T 212 556 7314
demetri.blaisdell@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

June 7, 2023

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

*Re*: Motion to Dismiss in *1st Amendment Praetorian v. The New York Times Co. and Alan Feuer*, No. 23-cv-00012 (S.D.N.Y.)

Dear Judge Vyskocil:

I write on behalf of Defendants The New York Times Company and Alan Feuer ("The Times") to request, pursuant to Rule 4 of the Court's Individual Rules, a pre-motion conference for a Rule 12(b)(6) motion to dismiss. As will be further detailed in The Times's forthcoming motion, the claims brought by Plaintiff 1st Amendment Praetorian ("1AP") should be dismissed.

**Nature of claims.** 1AP alleges that four articles published from January to July 2022 concerning the House January 6 Committee's investigation, tweets about the articles from The Times, and an interview given by Mr. Feuer defamed 1AP by "stating or implying to their Twitter followers and readers that 1AP 'stormed the Capitol' on January 6, 2021." *Id.* ¶ 17. None of the tweets mention 1AP. *Id.* ¶¶ 17, 39. None of the articles say that 1AP stormed the Capitol, but 1AP alleges that the articles imply as much and that 1AP is portrayed as a "violent, dangerous, paramilitary, extremist group." *Id.* ¶ 32. 1AP seeks damages of $100 million. *Id.* at 1.

The motion to dismiss will advance several arguments, including:

**Substantial truth.** 1AP does not dispute the gist of the reporting: that the January 6 Committee investigated 1AP for potential involvement in the Capitol riots and issued subpoenas to its leadership and members. The Complaint acknowledges that 1AP was in Washington, D.C. on January 6, 2021, providing a "security detail" (*id.* ¶ 11) and that a member of 1AP was at

1

the "war room at the Willard Hotel" (*id.* ¶ 33) where, the June 29, 2022 article explained, "pro-Trump lawyers, including [Rudy] Giuliani and John Eastman, had set up shop to plan the objections to the certification of the Electoral College vote count" (*id.* ¶ 23(e)). Because the articles and tweets are substantially true, 1AP's claims fail.

**1AP has not pleaded actual malice.** As amended in 2020, New York's anti-SLAPP law applies to suits like this one that target "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a)(2); *Coleman v. Grand*, 523 F. Supp. 3d 244, 258 (E.D.N.Y. 2021). Even if 1AP were found not to be a public figure (*see* Compl. ¶ 38), 1AP would still have to show that The Times acted with actual malice. *Coleman*, 523 F. Supp. 3d at 257-59. The Complaint fails to allege facts that plausibly would establish that The Times knew its statements were false or entertained serious doubts as to their truthfulness. 1AP's arguments that the statements were "inherently improbable" because 1AP was "never charged with any crime" and that The Times "knew from their examination of a defamation lawsuit filed by 1AP in April 2022 that 1AP contended that the implications were false and defamatory" rely on facts that postdate most of the statements. Compl. ¶ 35.[1]

**1AP has not made the "rigorous showing" required for implication claims.** To bring defamation-by-implication claims, "the plaintiff must make a rigorous showing that the language of the communications as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference." *Stepanov v Dow Jones & Co., Inc.*, 120 A.D.3d 28, 37-38 (1st Dep't 2014). 1AP has not made any showing that the articles or the tweets displayed the requisite intent or are reasonably read to have the meaning ascribed to them by 1AP.[2]

---

[1] In the suit to which 1AP apparently refers, the District of New Hampshire recently dismissed nearly all of 1AP founder Robert Patrick Lewis's defamation claims. *Lewis v. Abramson*, No. 22-cv-126, 2023 WL 3322009, at *19-37 (D.N.H. May 9, 2023).

[2] 1AP also alleges The Times printed the statements "as part of a preconceived government narrative" (Compl. ¶ 35) and was "acting upon instructions and at the direction of one or more government agencies, including the Federal Bureau Investigation" (*id.* ¶ 1 n.1), allegations so implausible and bizarre that they cannot survive dismissal.

**Fair report privilege.** 1AP's claims are barred by New York law, which renders non-actionable all statements regarding an official proceeding. NY Civil Rights Law § 74; *Kinsey v. The N.Y. Times Co.*, 991 F.3d 171, 178-79 (2d Cir. 2021) (affirming dismissal of defamation claim applying New York fair report privilege). The articles and tweets were accounts of the House investigation into the Capitol riots and fairly and accurately portrayed them.

**Many of the challenged statements are protected opinion.** 1AP also claims that the "defamatory gist" of the statements is that it is a "far-right militia" and "paramilitary, extremist group." Compl. ¶¶ 27, 32. Statements like these, with "a debatable, loose and varying meaning in contemporary discourse," are "non-actionable opinion" because "there is no single, precise understanding" of the terms "that is falsifiable such that The Times's characterization of Plaintiff as such constitutes a statement of fact." *Brimelow v. The N.Y. Times Co.*, No. 20-cv-222, 2020 WL 7405261, at *15 (S.D.N.Y. Dec. 16, 2020) (so ruling for description of plaintiff as "white nationalist") (cleaned up), *aff'd on other grounds*, No. 21-66-cv, 2021 WL 4901969 (2d Cir. Oct. 21, 2021).

**1AP's claims are partially time-barred.** The limitations period for 1AP's defamation claims is one year from publication. C.P.L.R. § 215(3). 1AP filed its Complaint on January 3, 2023, the last day of the limitations period for claims based on the January 3, 2022 article. Having waited until the last day, 1AP had to serve the Complaint within the 90-day tolling period authorized by Rule 4, which elapsed on April 3, 2023; after that date, the limitations period began to run again. *See, e.g.*, *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).[3] 1AP effectuated service on April 10, 2023 by Rule 4(d) waiver. However, the limitations period for claims based on the January 3, 2022 article expired on April 4, 2023, so these claims are time-barred.

The Times respectfully requests a pre-motion conference on its motion.

Respectfully submitted,

Demetri Brumis Blaisdell

---

[3] The Court sua sponte raised 1AP's failure to serve on April 5, 2023. ECF 3. The Court allowed 1AP two additional weeks to serve the complaint without being "dismissed for failure to prosecute" but it did not toll the limitations period. *Id.*