June 13, 2023

<u>VIA CM/ECF</u>

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   <u>1st Amendment Praetorian v. The New York Times Company</u>
      <u>Case 1:23-cv-00012-MKV</u>

Dear Judge Vyskocil:

Steven S. Biss and I represent Plaintiff, 1st Amendment Praetorian ("1AP"), in this matter.  This letter responds to Defendants The New York Times Company and Alan Feuer's ("NYT") request for a pre-motion conference for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [*ECF No. 8*] filed on June 7, 2023.

## 1AP's Claims

1.   This is an action for defamation and defamation by implication.  Between January 3, 2022 and July 11, 2022, NYT published a series of Articles that falsely state and imply 1AP was involved in the planning, coordination and execution of the insurrection and seditious acts that unfolded on January 6.  The Articles paint a picture of 1AP that is plainly untrue and defamatory. [*Compl., ¶¶ 1, 13-35, 45-46*].

2.   1AP's complaint very specifically alleges that neither 1AP, nor any of its principals or security professionals engaged in violence or played any part in the January 6 attack on the United States Capitol.  1AP alleges that prior to publication of the Articles at issue in this case, NYT knew that 1AP had been thoroughly investigated by the FBI, and cleared of any wrongdoing.  NYT also knew that no charges had ever been brought against 1AP or any of its members by any law enforcement agency.  NYT knew the truth, but chose to publish egregious lies. [*Compl., ¶ 12*].

## NYT's Defenses

3.   NYT's letter foreshadows its intent to lodge a series of affirmative defenses to 1AP's claims, each of which will be addressed:

   a.   <u>Material Falsity</u>

4.   As to the element of falsity, "[a] statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991).

1

5. 1AP's complaint expressly and repeatedly alleges how and why the statements and implications in the Articles are materially false. [*Compl.*, ¶¶ *32, 35*]. Comparing NYT's statements and implications to the actual truth alleged in 1AP's complaint, it is beyond peradventure that the statements and implications are materially false. *See, e.g., Lewis v. Abramson*, 2023 WL 3322009, at * 15-19 (D. N.H. 2023) (statements that falsely accused 1AP and its members of having involvement in the planning and execution of the January 6 attacks on the Capitol were material false and actionable).

### b. Actual Malice

6. Contrary to NYT's suggestion, New York's anti-SLAPP law does not apply in this diversity action. *See, e.g., Kesner v. Buhl*, 590 F.Supp.3d 680, 700-701 (S.D.N.Y. 2022) (citing and quoting *Nat'l Acad. Of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F.Sup.3d 408, 431-432 (S.D.N.Y. 2021)).

7. 1AP alleges that it is a private company. [*Compl.*, ¶ *38*]. 1AP's complaint further states that it merely provided neutral security services to the media on January 6 [*Id.,* ¶ *11*], and did not attempt to influence the events that unfolded. [*Id.,* ¶¶ *12, 32-33*]. As a private company, 1AP does not need to prove actual malice.[1]

8. Even if the Court finds that 1AP is a limited purpose public figure, 1AP's complaint sufficiently alleges actual malice. [*Compl.*, ¶¶ *35, 42, 47*]. *See, e.g., Nunes v. NBCUniversal Media, LLC*, 2022 WL 17251981, at * 9 (S.D.N.Y. 2022) (complaint plausibly alleged that defendant fabricated the statement and purposefully evaded the truth by failing to interview important witnesses); *see also Nunes v. Lizza*, 12 F. 4th 890, 901 (8th Cir. 2021) ("'Republication of a statement after the defendant has been notified that the plaintiff contends that it is false and defamatory may be treated as evidence of reckless disregard.'") (citation and quotation omitted).

### c. Statements of Fact

9. NYT concedes, as it must, that "many" of the statements in the Articles are *not* pure opinions. For instance, the Articles repeatedly accuse 1AP of being "involved in" the insurrection, 1AP "stormed the Capitol", 1AP played a "played a [role] in the Capitol attack", and 1AP was "intimately involved in the attack on the Capitol". [*Compl.*, ¶¶ *15(b), 17, 23(c), 26(a)*]. The statements and implications are actionable. *Compare, e.g., Lewis*, 2023 WL 3322009 at 15-19.

---

[1] As in *Lewis v. Abramson*, 2023 WL 3322009 at * 19 fn. 24, because the public figure determination is "heavily dependent on the underlying factual record," the Court should defer ruling on the question whether 1AP is a public figure "until there has been further factual development and decline to dismiss the defamation claims on that basis." (citation and quotation omitted).

### d.     Defamation By Implication

10. Although the Articles in this case certainly contain express defamatory statements, they also contain defamatory implications. For instance, the 3/29 Article juxtaposes true facts and implies that 1AP played a "central role" in storming the Capitol on January 6. [*Compl., ¶¶ 19-20, 30-31*].

11. 1AP further alleges that NYT intended or endorsed the defamatory implications in the Articles. [*Compl., ¶¶ 5, 47*].[2]

### e.     Fair Report Privilege

12. New York law, including § 74, does not apply. 1AP suffered the brunt of the injury to its reputation in Texas, and all the activities to which the defamatory statements refer took place in the District of Columbia. [*Compl., ¶¶ 3, 10-11, 13-31*]; *Kinsey v. New York Times Company*, 991 F.3d 171, 177 (2nd Cir. 2021), *Lee v. Bankers Trust Co.*, 166 F.2d 540, 545 (2nd Cir. 1999). Texas or D.C. law applies.

13. Further, on this record, the Court cannot determine whether the Articles represent a "fair" or "substantially accurate" representation of any legislative report or proceeding.

### f.     This Entire Suit Is Timely

14. 1AP timely filed this action within one-year of the publication of the Articles. C.P.L.R. § 215(3). Upon filing the complaint, the statute of limitations was tolled. *Wilson v. Diocese of New York Episcopal Church*, 1998 WL 82921, at * 8 (S.D.N.Y. 1998).

NYT's pre-motion letter request should be denied.

Yours very truly,

*/s/ Anthony C. Carlini, Jr.*

Anthony C. Carlini, Jr.
Handel & Carlini, LLP

---

[2] Counsel for NYT suggests that 1AP's allegations [*Compl., ¶ 35*] that the statements were "part of a preconceived government narrative" and that NYT was "acting upon instructions and at the direction of one or more government agencies, including the Federal Bureau Investigation" are "so implausible and bizarre that they cannot survive dismissal". [*NYT Letter, p. 2, fn. 2*]. **Release of the Durham Report and Twitter files demonstrates that 1AP's allegations are likely true and certainly cannot be rejected out of hand**.

cc.    1st Amendment Praetorian
       Steven S. Biss, Esq.
       Counsel of Record (via CM/ECF)